IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK M. O'TOOLE | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. RDB-06-1016 |
| AMERICAN INSURANCE COMPANY | * | |
| Defendant. | | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff, a resident of Baltimore, Maryland, seemingly filed this one-page, "to whom it may concern" letter complaint with the Court to remove an apparent state court civil action against the American Insurance Company. The letter reads as follows:

> My name is Patrick M. O'Toole. My lawyer has withdrawn his appearance. I still would like you and a jury to hear my case. My case# is 03-C-006699. [I] feel like Cohen, Snyder, Eisenberg & Katzenberg P.A. did me wrong, as well as American Insurance Company. I request that someone could at least listen to me and what I have to say. Please let me try to tell you what happened in my own words. I had hurt my back before, a few years prior to this accident. I never tried to hide that. I was told that it was the kind of injury that would heal on its own and it had seemed that it did. I only found my back to hurt one time among those two years. I drove trucks for Harsco Corp. and never had a problem. I think that since this has happened while I was on the job, I am entitled to have them take care of me. My only hope is to try to explain this to you and anyone else that I need to, to get what I rightfully deserve. I'm only one person trying to stand up for what coverage I was always led to believe I had had. Please give me this opportunity.
>
> Also in one of the letters from American Insurance Company, they had asked me for information they think I have. I no longer have that. Please try to understand. Don't give them a chance to not hear what I have to say. I hope you can take that much time for me.

(Paper No. 1).

Plaintiff apparently seeks to remove his state court complaint. He may not so do. Under 28 U.S.C. § 1441(a) "any civil action brought in a state court of which the district courts of the United States have *original jurisdiction* may be removed by *defendants*...." (emphasis added). If Plaintiff is the original claimant in the state court case, he may not remove his litigation to the

federal courts. If Plaintiff is the defendant in the state court matter, this Court would have no original jurisdiction over a non-diversity state tort matter or a worker's compensation claim.

In addition, to the extent that the state court matter has been resolved and Plaintiff is seeking review of those decisions, this Court lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[1] *See* 28 U.S.C. § 1257. Further, any state court decision is entitled to both issue and claim preclusive effect. *See* 28 U.S.C. § 1738, *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 84-86 (1984). Federal courts must give the state judgments the same effect as would the courts of the judgment state.[2] Consequently, insofar as Plaintiff is seeking to re-file his concluded state court complaint against American Insurance Company here, any state court judgment against Plaintiff bars him from seeking review over the matter in this Court.

Accordingly, the Complaint shall be dismissed.[3]

Date: May 1, 2006              /s/
                               RICHARD D. BENNETT
                               UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[2] In Maryland *res judicata* applies when there has been a final judgment on the merits, there exists identity of the parties or privies, and the causes of action in successive suits are the same. *See Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988). Further, under Maryland law collateral estoppel applies if the issue decided in prior adjudication is identical to the issue in the present action, there was a prior final judgment on the merits, and the party against whom the decision is being used was party to the prior action. *O'Reilly v. County Bd. of Appeals*, 900 F.2d 789, 791 (4th Cir. 1990).

[3] Neither the $350.00 filing fee nor a motion to proceed *in forma pauperis* accompanied the letter complaint. In light of the dismissal of this action, however, Plaintiff shall not be required to cure this deficiency.